IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RANDOLPH S. STEPP, | ) CASE NO. 1:13 CV 1126 |
| | ) |
| Plaintiff, | ) JUDGE LESLEY WELLS |
| | ) |
| v. | ) MAGISTRATE JUDGE |
| | ) WILLIAM H. BAUGHMAN, JR. |
| MEDINA CITY SCHOOL DISTRICT | ) |
| BOARD OF EDUCATION, *et al.*, | ) |
| | ) **REPORT & RECOMMENDATION** |
| Defendants. | ) |

## Introduction

Before me by referral[1] in this action by Randolph Stepp against the Medina City School District Board of Education and others, which presents claims under federal and state law related to an employment contract,[2] is a motion by J.R. Russell to intervene under Rule 24 of the Federal Rules of Civil Procedure.[3] The motion, supported by all current defendants,[4] is opposed by Stepp.[5] Russell has filed a response to Stepp's brief in opposition.[6]

---

[1] ECF # 36.

[2] ECF # 52.

[3] ECF # 67.

[4] ECF # 76 (motion in support), ECF # 86 (joint reply brief).

[5] ECF # 83.

[6] ECF # 87.

Because the proposed intervention relates to a state law claim over which this Court should decline to accept jurisdiction, the motion to intervene should be denied as moot.

## Facts

The facts relevant to the recommended disposition are not extensive.

The present action relates to a 2013 employment contract between Stepp and the Medina City School District Board of Education and presents four claims purportedly arising under federal law and seven claims grounded in Ohio law.[7]

The federal claims are:

Count I – 42 U.S.C. § 1983 procedural due process claim alleging the Board of Education and its individual members are liable for rescinding the 2013 employment contract;[8]

Count II – 42 U.S. § 1983 procedural due process claim against the Board of Education and the Treasurer;[9]

Count III – 42 U.S.C. § 1983 violation against the Board of Education and individual members for restricting Stepp's First Amendment rights to speak about his situation.[10]

---

[7] ECF # 52 (second amended complaint).

[8] *Id.* at ¶¶ 101-111.

[9] *Id.* at ¶¶ 112-120.

[10] *Id.* at ¶¶ 121-129.

Count IV – claim that Board of Education and its individual members retaliated against Stepp for exercising his First Amendment rights by constructively terminating his employment.[11]

The Ohio law[12] claims are:

Count V – breach of contract related to the 2013 contract;[13]

Count VI – breach of contract related to 2009 contract, 2011 contract amendment, and 2013 contract;[14]

Count VII – defamation claim against defendants Vlcek, Robinson, and Grenfell;[15]

Count VIII – defamation claim against defendant Shields;[16]

---

[11] *Id.* at ¶¶ 130-137. Although no jurisdictional basis for this claim is stated, the assertion that the Board of Education retaliated against Stepp for Stepp's exercise of his First Amendment rights arises under 28 U.S.C. § 1983. *See*, *Lane v. Franks*, __ U.S. __, 2014 WL 2765285, at *4 (June 19, 2014).

[12] As with the retaliation claim, Stepp asserts no specific legal grounds for the breach of contract, defamation, and invasion of privacy claims. But these causes of action are understood to arise under state law. *See*, *Machisa Design Servs. v. Columbus City Bd. of Educ.*, __ F. App'x __, 2014 WL 1613301, at *3 (6th Cir. Apr. 22, 2014) (citation omitted) (breach of contract remedies in state law); *Young v. Gannett Satellite Info. Network*, 734 F.3d 544, 549 (6th Cir. 2013) (citations omitted) (defamation claim is based on Ohio law); *Scovill v. WSYX/ABC*, 425 F.3d 1012, 1014 (6th Cir. 2005) (invasion of privacy claim arises under Ohio law). Stepp does assert that his right to a preliminary injunction in this case arises as a matter of Ohio Rev. Code § 121.212(C).

[13] ECF # 52 at ¶¶ 138-141.

[14] *Id.* at ¶¶ 142-146.

[15] *Id.* at ¶¶ 147-154.

[16] *Id.* at ¶¶ 155-163.

Count IX – false light, invasion of privacy claim against defendants Vlcek, Robinson, and Grenfell;[17]

Count X – false light, invasion of privacy claim against defendant Shields;[18]

Count XI – mandatory injunction claim requiring the Board of Education to correct the minutes of its January 7, 2013 meeting.[19]

## Analysis

**A.    Standard of review**

To adjudicate a matter involving claims arising under both federal and state law where diversity of the parties does not exist, and where both the federal and state law claims arise out of the same incident and share a common nucleus of operative facts, a federal court must locate its jurisdiction in its supplemental jurisdiction over the state law claims.[20] But as the Supreme Court has noted, supplemental jurisdiction is "a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy [and] convenience and fairness to litigants[.]" Supplemental jurisdiction may be declined if "it appears that the state issues substantially predominate" over the federal law issues,[21] and the court may

---

[17] *Id.* at ¶¶ 164-171.

[18] *Id.* at ¶¶ 172-179.

[19] *Id.* at ¶¶ 180-184.

[20] 28 U.S.C. § 1367; *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966).

[21] *Gibbs*, 383 U.S. at 726.

consider *sua sponte* whether to exercise supplemental jurisdiction.[22] Further, as the Supreme Court stated, the "issue of whether pendant jurisdiction has been properly assumed is one that remains open throughout the litigation."[23] "Once it appears that a state claim constitutes the real body of a case ... the state claim may fairly be dismissed."[24] A district court's decision to decline to exercise supplemental jurisdiction is reviewed for abuse of discretion.[25]

28 U.S.C. §§ 1367(c)(1) and (2) provide that a district court may decline to exercise supplemental jurisdiction over state law claims if either: (1) the state law claim raises a novel or complex issue of state law, or (2) if such claim substantially predominates over the claim or claims over which the district court has original jurisdiction.

### B. Application of standard

Here, Stepp's first two federal claims – § 1983 procedural due process claims arising from the alleged breaches of his employment contract – are "not remedial in federal court."[26] As the Sixth Circuit stated in a recent case:

> "With respect to [plaintiff's] alleged property interest in a contract, not every deprivation of a constitutionally protected interest is actionable in a procedural due process suit. A plaintiff may not bring a § 1983 action 'when the

---

[22] *Anselmo v. Mull*, No. CIV. 2:12-1422 WBS, 2013 WL 1127884, at *1 (E.D. Cal. Mar. 18, 2013) (citation omitted).

[23] *Gibbs*, 383 U.S. at 727.

[24] *Id.*

[25] *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003).

[26] *Machisa Design Servs.*, 2014 WL 1613301, at *3.

deprivation is a simple breach of contract and there is an adequate state breach of contract action available as a remedy.'"[27]

Thus, a substantial portion of this case – whether there was a breach of contract – is properly understood as solely a question of Ohio law.[28]

Similarly, the related issue raised by the defendants of whether Stepp's contract was void or voidable for having been entered into in violation of Ohio's open meeting statute is also exclusively a matter of Ohio law.[29] Further, adjudication of the motion to intervene rests on whether the reference in Ohio's Open Meetings Act to "any person" means the putative intervenor – a contested issue of state law.[30]

Moreover, even Stepp's federal claims that his termination was in retaliation for his exercise of First Amendment free speech rights turns on whether the adverse action of the

---

[27] *Id.* (internal citations omitted).

[28] In this regard, Ohio statutes do not create a property interest in Stepp's continued employment as superintendent. As the Sixth Circuit recently noted in the analogous situation of an attorney terminated from his employment as a public defender, property interests are not created by the Constitution, but are "defined by existing rules or understandings that stem from an independent source such as state law." *Bright v. Gallia County, Ohio*, __ F.3d __, 2014 WL 2457629, at *13 (6th Cir. June 3, 2014) (quoting *Board of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972)). Thus, the mere presence of an Ohio statute authorizing a public entity to employ or appoint a person and to dismiss him only for good cause does not establish a property interest in continued employment where it does not mention standards for dismissal or contain a job-security provision. *Bright*, 2014 WL 2457629, at *13.

[29] *See*, ECF # 83 (Stepp's opposition to motion to intervene) at 3. "Dr. Stepp filed this action alleging, among other things, a breach of contract claim against the BOE based on its unilateral recision of the 2013 Contract. The BOE raised its purported violation of the Open Meetings Act as an affirmative defense to Dr. Stepp's breach of contract claim."

[30] ECF # 67 (Russell) at 4-5; ECF # 83 (Stepp) at 6-8.

Board of Education in terminating Stepp's employment was "motivated in substantial part by a desire to punish [Stepp] for exercise of a constitutional right."[31] But if, as a matter of Ohio law, Stepp's contract was void or voidable for having been entered into in violation of state law, Stepp would be unable to maintain a claim under federal law for retaliation, since the Board of Education's action would be based fundamentally on the requirements of Ohio law and not on any personal animus toward Stepp.

Accordingly, as noted above, only Stepp's retaliation claims are even potentially federal issues for this Court to decide. By contrast, the state law issues clearly predominate over the single potential federal issue, and such state law issues involve difficult, important, and contentious questions of law – issues that federal courts have historically strongly preferred to leave to the judgment of state courts in the absence of diversity or significant federal questions.[32]

## Conclusion

Therefore, for the reasons stated, this Court should (1) decline supplemental jurisdiction over all Ohio law claims in this matter, including those raised by the counterclaim,[33] dismissing them without prejudice; (2) dismiss with prejudice Stepp's federal

---

[31] *Bright*, 2014 WL 2457629, at *10 (quoting *King v. Zamiara*, 680 F.3d 686, 695 (6th Cir. 2012)).

[32] *Arrington v. City of Raleigh*, 369 F. App'x 420, 423 (4th Cir. 2010).

[33] ECF # 60.

due process claims in Counts I and II relating to the alleged breach of his employment contract; (3) stay proceedings as to Stepp's First Amendment claims in Counts III and IV pending resolution of the Ohio law claims in the pending case in the Medina County Court of Common Pleas;[34] and (4) deny the motion to intervene as moot, since the intervenor does not assert an interest in the only remaining potential federal claim of First Amendment retaliation, except insofar as it would relate to the state law issues of the employment contract's validity in light of any violation of Ohio's open meeting law – a question that is before the Ohio court in a matter where the intervenor is the plaintiff.

Dated: July 9, 2014　　　　　　　　　　　　　　　　　s/ William H. Baughman, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[34] *See*, *State of Ohio ex rel. Russell*, No. 13CIV0894 (Medina County Court of Common Pleas). The state court has stayed its proceedings because it concluded that the exact same issue involving the proper application, if any, of Ohio's open meeting law to Stepp's contract raised in that case was at issue in the federal case. (November 25, 2013 judgment entry staying proceedings.) Because this Court should decline to exercise supplemental jurisdiction for the reasons stated above, the grounds for the stay in the Ohio courts would be eliminated, permitting matters to proceed there. To the extent that Stepp would argue that his full claim for breach is not encompassed in the existing matter now before the Ohio court, he would be free, assuming this Court were to dismiss those claims without prejudice, to seek whatever relief is available from an Ohio court. What is clear, however, is that absent diversity, there is no actionable federal claim for a due process violation grounded on a purported breach of contract.

## **Objections**

      Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[35]

---

[35] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).